# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS A. CENSKE,         )
         )
    Petitioner,      )
         )
v.         )     Case No. CIV-15-1277-D
         )
JOHN B. FOX, WARDEN – FTC,  )
         )
    Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, is a federal prisoner currently incarcerated at the United States Penitentiary, McCreary (USPM), in Pine Knot, Kentucky. He purports to bring this action pursuant to 28 U.S.C. § 2241 and challenges his 2009 conviction and sentence entered in the United States District Court for the Western District of Michigan. *See* Petition [Doc. No. 11].[1] This matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  On preliminary review of the Petition, *see* Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Courts, and for the reasons set forth below, it is recommended that the Petition be dismissed.

## I.    Procedural History / Factual Background

In 2009, a federal jury convicted Petitioner of four counts of mailing threatening communications in violation of 18 U.S.C. § 876(c).  His conviction was affirmed by the Sixth Circuit Court of Appeals but Petitioner was resentenced to a term of 120 months.

---

[1]    Petitioner recently filed a document entitled "Petition" [Doc. No. 17] and a Brief in Support [Doc. No. 18].  To the extent Petitioner intends to supplement the Petition, the Court has considered these additional filings in making the recommendation set forth herein.

*See United States v. Censke*, 449 F. App'x 456, 458-62 (6th Cir. 2011) (affirming conviction but remanding for resentencing); *United States v. Censke*, 534 F. App'x 382 (6th Cir. 2013) (affirming resentencing after remand).

Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Michigan. On September 11, 2014, after conducting a preliminary review, the court dismissed the motion. *See Censke v. United States*, No. 2:14-cv-179, 2014 WL 4542488 (W.D. Mich. Sept. 11, 2014) (unpublished op.).

Thereafter, on August 17, 2015, Petitioner filed a motion for reconsideration or to amend his original § 2255 motion. In that motion he raised "almost exclusively, and for the first time in the [sentencing] [c]ourt" the applicability of *Elonis v. United States*, -- U.S. --, 135 S.Ct. 2001 (2015) to his underlying conviction. *See Censke v. United States*, Case No. 2:14-cv-179-RAED, Order of Transfer to Sixth Circuit Court of Appeals (Transfer Order) [Doc. No. 21] (filed December 8, 2015 and reciting procedural history).[2] The court deemed the motion second or successive and transferred the action to the Sixth Circuit Court of Appeals. *See id*. at p. 2. The action is currently pending in the Sixth Circuit. *See Censke v. United States*, Case No. 15-2534 (commenced Dec. 11, 2015).

On November 17, 2015 (while Petitioner's motion for reconsideration was pending in the United States District Court for the Western District of Michigan),

---

[2]     As set forth in the court's Transfer Order, Petitioner tried to amend the § 2255 motion after its dismissal to raise "the issue of the mental state required for a conviction under 18 U.S.C. § 876(c) for the first time." *See* Transfer Order at p. 1. But the court rejected the motion to amend because the matter had already been dismissed. The Sixth Circuit later denied petitioner's request for a certificate of appealability so that he could appeal the denial of his § 2255 motion. Petitioner then filed a petition for en banc rehearing based, in part, on *Elonis*. The petition was denied. *See id*. at pp. 1-2.

Petitioner filed a petition in this judicial district again challenging his underlying conviction pursuant to *Elonis*. *See* Petition [Doc. No. 1].[3]  At that time, Petitioner was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma.  The record indicates Petitioner recently transferred to USPM Pine Knot in Pine Knot, Kentucky.  *See* Notice of Change of Address [Doc. No. 15] (filed December 29, 2015).

## II.    Discussion

 At the time Petitioner filed this action he was temporarily confined within this judicial district and within the Tenth Circuit Court of Appeals.  But this Court may exercise jurisdiction over Petitioner's claims only if he has properly filed an action under § 2241.

A petition brought under § 2241 challenges "the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011); *see also Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (a § 2241 petition challenges "the *nature* of a prisoner's confinement, not the *fact* of his confinement").  In contrast, where a federal prisoner challenges the legality or validity of his conviction and sentence, his "exclusive remedy" is through a motion filed pursuant to 28 U.S.C. § 2255 and must be brought in the district that imposed the sentence. *Brace*, 634 F.3d at 1169; *see also Perez-Carrera v. Stancil*, 616 F. App'x 371 (10th Cir. 2015) (a defendant challenging his conviction and sentence under 28 U.S.C. § 2255 must do so in the circuit of his conviction).

---

[3]    The Petition [Doc. No. 1] consisted of handwritten pages and was not submitted on the proper form.  The Court, therefore, entered an Order [Doc. No. 8] directing Petitioner to cure the deficiency and he refiled the Petition [Doc. No. 11] on the proper form.

Petitioner's claims brought pursuant to the Supreme Court's *Elonis* decision are clearly a challenge to his conviction and sentence.[4] In fact, Petitioner checked "yes" on the form Petition in response to the question: "In this petition, are you challenging the validity of your conviction or sentence as imposed?" *See* Petition at ¶ 10. He, therefore, may not proceed under § 2241 unless he meets a very limited exception provided by 28 U.S.C. § 2255(e) -- the "savings clause."

Section 2255(e) allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows the remedy provided by § 2255 is "inadequate or ineffective." *Id*.; *see also Brace*, 634 F.3d at 1169. However, the petitioner bears the burden of proof and "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Prost*, 636 F.3d at 583-84. The Tenth Circuit has identified the following as examples of inadequacy or ineffectiveness: (1) the original sentencing court has been abolished; (2) the sentencing court refuses to consider the § 2255 motion; (3) or a single sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Sines*, 609 F.3d at 1073.

---

[4]     In *Elonis*, the Supreme Court interpreted 18 U.S.C. § 875(c) which prohibits the transmission in interstate or foreign commerce of a threatening communication. The Supreme Court initially found that § 875(c) contained no particular mental state with respect to the elements of the offense. *Id*., 135 S.Ct. at 2008. The Supreme Court further found that a jury instruction conveying only a negligence standard with respect to the communication of a threat would not support a conviction under § 875(c). *Id*. at 2013. The majority did not, however, determine the mental state that applies to § 875(c).

Petitioner was convicted under 18 U.S.C. § 876(c) and this Court expresses no opinion as to whether *Elonis* extends to that statutory provision. *See* 18 U.S.C. § 876(c) (requiring that a person "knowingly" mail a threatening communication). Nor does this Court express any opinion as to whether *Elonis* provides an avenue for Petitioner to obtain relief from his conviction and sentence.

None of the circumstances that would give rise to a finding that the § 2255 remedy is inadequate or ineffective are present here. The fact that *Elonis* was decided after Petitioner first sought relief under § 2255 is an insufficient ground upon which to find the remedy inadequate or ineffective. *Compare Prost*, 636 F.3d at 586 (finding remedy under § 2255 was not inadequate or ineffective where, following the petitioner's initial § 2255 motion, the Supreme Court issued a decision of statutory interpretation that arguably invalidated some aspect of the petitioner's sentence; "Congress chose to preclude petitioners from raising . . . statutory innocence claims . . . in *second or successive* § 2255 motions") (emphasis in original); *see also Brace*, 634 F.3d at 1170 (recognizing holding in *Prost* and stating "the fact that § 2255 bars a defendant from bringing a statutory interpretation argument in a second § 2255 motion does not render § 2255 an inadequate remedy").

Similar to the circumstances presented here, in *Alvarez v. Maye*, -- F. App'x --, No. 15-3116, 2015 WL 5011155 (10th Cir. Aug. 25, 2015), the petitioner challenged the validity of his sentence in light of *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151 (2013).[5] At the time of the Supreme Court's decision, the petitioner had already sought

---

[5]    In *Alleyne*, the Supreme Court "held that facts increasing a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt." *Alvarez*, 2015 WL 5011155 at *1 (*citing Alleyne*, 133 S.Ct. at 2155). *Alleyne* announced a new rule of constitutional law but was not made retroactive to cases on collateral review as required for second or successive authorization under § 2255(h). *See In re Payne*, 733 F.3d 1027, 1020 (10th Cir. 2015); *see also* 28 U.S.C. § 2255(h)(2) (to proceed with a "second or "successive" § 2255 motion" a panel of the appropriate court of appeals" must certify that the motion contains, as applicable here, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

relief under § 2255.  The Tenth Circuit concluded that these circumstances did not establish "true inadequacy" under § 2255:

> To the contrary, although [the petitioner] has already filed one § 2255 petition, the statute expressly provides a mechanism by which prisoners like him can seek permission from the 'appropriate court of appeals' to file a second or successive petition in the appropriate district relying on a 'new rule of constitutional law' like the one established in *Alleyne*.

*Id*. at *2 (*quoting* 28 U.S.C. § 2255(h)(2)); *see also Perez-Carrera v. Stanch*, 616 F. App'x 371 (*accord*: "we know of no court decision holding that § 2255(h)(2)'s restriction on the retroactive effect of new constitutional decisions in second or successive § 2255 motions automatically and alone renders that statutory scheme inadequate or ineffective to test the legality of a prisoner's detention and permit resort to § 2241").

Indeed, as discussed, Petitioner has filed an identical claim for relief based on *Elonis* pursuant to § 2255 in the sentencing court.  The matter has been transferred to the Sixth Circuit Court of Appeals for a determination as to whether Petitioner may proceed with the filing of a second or successive § 2255 motion.  Whether the Sixth Circuit will grant such relief is not determinative.  *See Alvarez*, 2015 WL 5011155 at *2.  Instead, the dispositive inquiry is whether "there is a path pursuant to § 2255 for [the prisoner] to attempt his desired attack on his sentence's validity."  *Id*; *see also Prost*, 636 F.3d at 584 ("[T]he [savings] clause is concerned with process -- ensuring the petitioner an *opportunity* to bring his argument -- not with substance -- guaranteeing nothing about what the *opportunity* promised will yield in terms of relief.").

Because Petitioner is currently pursuing relief pursuant to § 2255 in the sentencing circuit and has not demonstrated that his circumstances meet the extremely limited conditions necessary to invoke the savings clause, Petitioner cannot proceed with

this action under § 2241.  Petitioner's attempt to circumvent the limitations on a second or successive motion under § 2255 through the filing of a § 2241 petition is to no avail. Accordingly, the Court lacks jurisdiction over the matter and dismissal is required.  *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test -- thus, precluding him from proceeding under § 2241 -- the court lacks statutory jurisdiction to hear his habeas claims.").  The Court, therefore, recommends that this action be dismissed without prejudice for lack of jurisdiction.

As a final matter, even if the Petition were construed as a motion under § 2255, the Petition should be dismissed for lack of jurisdiction.  A § 2255 motion must be filed in the district that imposed the sentence -- here, the Western District of Michigan.  *See* 28 U.S.C. § 2255(a); *Brace*, 634 F.3d at 1169.   Moreover, because Petitioner previously sought relief under §  2255, he must obtain prior authorization to proceed from the Sixth Circuit Court of Appeals. *See, e.g., Stanko v. Davis*, 617 F.3d 1262, 1266 (10th Cir. 2010) (a district court lacks jurisdiction over a second or successive § 2255 motion absent certification from the appropriate court of appeals).  And as discussed, Petitioner currently has a certification request pending before the Sixth Circuit based on *Elonis*. Because this action presents a duplicative claim, a transfer would not be in the interests of justice.  *See* 28 U.S.C. §  1631; *see also In re Cline*, 531 F.3d 1249, 1251-53 (10th Cir. 2008) (addressing circumstances where transfer of a second or successive § 2255 motion would be appropriate).  Therefore, dismissal is required whether the action is construed as one brought pursuant to 28 U.S.C. § 2241 or if construed as one brought pursuant to 28 U.S.C. § 2255.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 11] be summarily dismissed without prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 21, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation to the named Respondent for informational purposes.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 31st day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE