IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| THOMAS A. CENSKE, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV-15-1277-D |
| JOHN B. FOX, Warden – FTC, | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones recommends dismissal of the Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 because Petitioner's exclusive remedy is a motion under 28 U.S.C. § 2255 in the sentencing court.[1] Judge Jones finds that the limited exception provided by the "savings clause" of § 2255(e) – where the § 2255 remedy "is inadequate or ineffective to test the legality of his detention" – is inapplicable under the circumstances.

Petitioner, who appears *pro se*, has filed a Notice of Intent to File Objections [Doc. No. 22], a Motion to Supplement Objection [Doc. No. 25], an attached a Memorandum in Support of Supplemental Objections [Doc. No. 25-1] to be considered if the motion is

---

[1] Petitioner's sentence for his challenged conviction was imposed by the United States District Court for the Western District of Michigan. Petitioner previously filed a § 2255 motion in that court raising the same claim that is asserted in his § 2241 Petition. Because he had previously filed a § 2255 motion, his second motion was transferred by the sentencing court to the United States Court of Appeals for the Sixth Circuit, where it remains pending. *See In re Censke*, No. 15-2534 (6th Cir.).

granted, and a Supplement to Objections [Doc. No. 26] which was authorized by a prior Order Granting Extension of Time [Doc. No. 24]. Liberally construing Petitioner's *pro se* filings, the Court finds all of these papers should be considered collectively as a timely written objection to the Report. The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner has waived further review of all issues not specifically raised in his objection. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* review of the jurisdictional issue of whether Petitioner may proceed in this forum under 28 U.S.C. § 2241 or whether his exclusive remedy is a § 2255 motion in the sentencing court, the Court fully concurs in Judge Jones' analysis. Petitioner makes only a conclusory assertion that the § 2255 remedy is inadequate or ineffective because his claim for relief is based on an "intervening change in law" under *Elonis v. United States*, 575 U.S. –, 135 S. Ct. 2001 (2015), and a Tenth Circuit decision regarding his statute of conviction, *United States v. Twitty*, 591 F. App'x 676, 681 (10th Cir. 2015).[2] For the most part, Petitioner simply argues the merits of his habeas claim, and ignores the legal authorities cited by Judge Jones holding that § 2255(e) does not apply under circumstances where an intervening change in statutory interpretation undermines a prior conviction. *See* R&R [Doc. No. 20], pp.5-6 (discussing *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011); *Brace v.*

---

[2] The Tenth Circuit's decision in *Twitty* was vacated by the Supreme Court and remanded for further consideration in light of *Elonis*. *See Twitty v. United States*, 136 S. Ct. 90 (2015).

2

*United States*, 634 F.3d 1167, 1170 (10th Cir. 2011); *Alvarez v. Maye*, 624 F. App'x 655 (10th Cir. 2015); and *Perez-Carrera v. Stancil*, 616 F. App'x 371, 372 (10th Cir. 2015)). The Court finds the precedential authorities cited by Judge Jones to be controlling.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 20] is ADOPTED in its entirety, as though fully set forth herein. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 11] is dismissed upon filing, without prejudice to the pursuit of any remedy that may be available under 28 U.S.C. § 2255. Judgment shall be entered accordingly.

IT IS SO ORDERED this 29th day of February, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE